## STATE OF FLORIDA v WILLIAMS

### Case No. 87-150-AC (County Court Case No. 5780Z, 3BK)

Eleventh Judicial Circuit, Appellate Division, Dade County

April 28, 1988

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Richard L. Kaplan,** Assistant Attorney General, for appellant.

**Richard G. Dunberg** for appellee.

Before TENDRICH, NADLER, ROTHENBERG, JJ.

### OPINION OF THE COURT

ROTHENBERG, J.

Defendant was charged with driving under the influence of alcoholic beverages and failure to drive within a single lane. A videotape of the defendant shortly after his arrest was made by the State. A copy of the videotape was provided to the defendant's original counsel in compliance with a discovery motion. Subsequently, the State lost its videotape and defense counsel lost his copy. Defendant's original counsel, who had viewed the defendant's copy of the videotape before it, too, became lost, and the arresting officer, both testified at the hearing on the motion to dismiss. Original defense counsel testified that he viewed his copy of the tape on three different occasions and that in his opinion, and in the opinion of a defense attorney in his law office who also saw the tape, there was exculpatory evidence on the tape. The trial court found there was some evidence of exculpatory material on the lost tape and granted the motion to dismiss. We believe this was an error.

The State could have elected to prosecute without the videotape. The State did have an obligation to make the tape available to the defense. This the State did. The State discharged its burden. The videotape was properly in the hands of defense counsel. It was the duty of defense counsel to assert whatever exculpatory evidence he saw on the tape. The defense lost its copy of the videotape. The defense could not make another copy because the State had, in the meantime, lost the original tape. Defense was thus precluded from going forward with evidence favorable to the defendant.

The defense cannot shift the consequences of the loss of its copy of the videotape to the State, which had already once complied fully with the rules of discovery, by, in effect, demanding that the State produce exculpatory evidence a second time.

Reversed and Remanded.